Per Curiam.
*388 The above named plaintiffs in error are the minor children of Frank M. Doogan and Billie Jeanne Doogan who were divorced in Juneau, Alaska, on March 20, 1962. The eldest child is twelve years of age and the youngest is seven.
In the Alaska divorce decree the custody of the children was awarded to the mother. The court then entered orders for child support; permitted the mother to remove the children from Alaska; and generally approved the agreement of the parents relating to their religious training and care. The court ordered payment of $75 per month for the support of each child. Subsequently the mother and the children came to Jefferson county, Colorado.
On March 24, 1964, the father filed an action in the district court of Jefferson county (No. 20799) naming the mother as defendant. He sought judgment as follows:
“WHEREFORE, Plaintiff prays judgment:
“A. That the said Decree of the Superior Court of the State of Alaska by Order of this Court be given full faith and credit.
“B. That due and just Orders entered herein against defendant directing defendant under penalty of Court to perform all acts required under the Decree of the Alaska Court.
“C. Ordering defendant to put up bond for the full and faithful performances required of her under the Decree of the Alaska Court.”
In the last mentioned action the mother appeared and by motion asked that certain restrictions in the Alaska decree be modified and the father be required to increase the child support payments.
On June 8, 1964, a stipulation was signed by the father and mother in which certain changes were made in the Alaska decree relating to the education of the children and the right of the maternal grandparents to “have normal relations” with them. This stipulation was ap *389 proved and adopted by the district court of Jefferson county on June 9, 1964.
On June 23, 1965, the wife filed two motions asking that dental expenses of the children be paid by the father, and that certain changes be made in the orders governing the education and care of the children. On the same day the mother filed a motion to increase support orders from $75 per month per child to $200 per month per child and alleged that changed circumstances and their increased needs required the increase.
On August 16, 1965, in case No. 20799 the trial court entered an order permitting the enrollment of the children in a public school (they having theretofore attended a parochial school). On April 5 thereafter the trial court entered other orders concerning the education of the children and ordered an increase in the payments of child support to a total of $345 per month.
All of the events hereinabove set forth which antedated October 4, 1965, were matters concerning which the district court of Jefferson county had judicial notice at the time the complaint in the instant action was dismissed. We now consider the allegations of the complaint in the case at bar, which was filed by the maternal grandparent of the children who asserted that he was their grandfather and “next friend” notwithstanding the undisputed fact that the mother of the children is their legal custodian under decree of courts in Alaska and Colorado. The grandfather has' since died and the grandmother has been substituted as “next friend” of the children.
It is alleged in the complaint, in substance, that the natural parents of the children were divorced in Alaska; that the parents “attempted to limit the financial responsibility of the above-captioned Defendant relative to his duties regarding their support and maintenance” by entering into a stipulation with regard thereto in the Alaska court; that the father is able to make a greater contribution to the support of the children; and *390 that they need $200 per month per child for reasonable support which the father is well able to pay. The prayer is for entry of judgment for $200 per month per child. Nothing is said in the prayer with relation to the identity of the person to whom these monthly payments should be made on behalf of the children. This complaint was signed by counsel for the plaintiffs on June 17, 1965. It was filed with the clerk of the court on June 22, 1965, and was served upon the father on June 19, 1965. Startling as it may seem, on June 23, 1965, the same attorney who issued the summons in the instant action, appearing as attorney for the mother filed the motion in action No. 20799 (hereinabove referred to) asking for an increase in child support orders to the figure of $200 per month per child.
The father appeared in the instant action and filed his motion to dismiss on four separately stated grounds, one of which was as follows:
“4. That the same parties and the same subject matters are involved in another action pending before this Court numbered 20799, and that certain orders have been entered in said action which would preclude the maintenance of this action.”
The trial court dismissed the action without indicating any reason therefor.
On writ of error to this court, counsel for the “next friend” of the children cite no authority for the position which they take in the case. We know of no such authority.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice Pringle, Mr. Justice Hodges and Mr. Justice Kelley concur.